IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>THE BOROUGH OF MOUNT OLIVER, ACTING CHIEF OF POLICE MATTHEW JUZWICK, MAYOR JAMES CASSIDY, COUNCIL PRESIDENT BILLIE MICHENER, COUNCILMAN DARNELL SAINS, COUNCILMAN COREY McGOUGH, and COUNCILMAN DAVID LOWE.<br><br>Defendants. | Civil Action No. ____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Laura Murray ("Plaintiff"), by and through her undersigned counsel, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1983 and the U.S. Constitution, the Pennsylvania Human Relations Act ("PHRA"), and common law of the Commonwealth of Pennsylvania.

## **JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) for the claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and the Civil Rights Act of 1866, 42 U.S.C. § 1983, and the doctrines of pendant and supplemental jurisdiction for the claims under the PHRA and Pennsylvania law.

2.      The United States District Court for the Western District of Pennsylvania has

personal jurisdiction over Defendants because Defendants reside and/or conduct business within

this District.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as

Defendants have offices, conduct business, reside in and/or can be found in the Western District

of Pennsylvania, and the cause of action set forth herein has arisen and occurred in part in the

Western District of Pennsylvania.

## PARTIES

4.      Plaintiff Laura Murray ("Plaintiff" or "Murray") is a female individual residing at

401 Hampton Avenue, Pittsburgh, Pennsylvania and was employed by Defendants from August

2006 until April 2013.

5.      Defendant Mt. Oliver Borough ("Mt. Oliver Borough") is a political subdivision

of the Commonwealth of Pennsylvania, with a place of business located at 150 Brownsville

Road, Pittsburgh, Pennsylvania 15210.  At all times relevant to this action, Mt. Oliver Borough

acted under the color of state law, and was an "employer" within the meaning of Title VII and

the PHRA.

6.      Defendant Matthew Juzwick ("Juzwick") is the Acting Chief of Police for the Mt.

Oliver Borough Police Department with a business address of 150 Brownsville Road, Pittsburgh,

Pennsylvania 15210.  At certain times relevant to this action, Juzwick acted under the color of

state law.

7.      Defendant James Cassidy ("Cassidy") is the Mayor of Mt. Oliver Borough with a

business address of 150 Brownsville Road, Pittsburgh, Pennsylvania 15210.  At all times

relevant to this action, Cassidy acted under the color of state law.

2

8.     Defendant Billie Michener ("Michener") is the Council President of Mt. Oliver Borough Council, with a business address of 150 Brownsville Road, Pittsburgh, Pennsylvania 15210.  At all times relevant to this action, Michener acted under the color of state law.

9.     Defendant Darnell Sains ("Sains") is Councilman for the Mt. Oliver Borough Council, with a business address of 150 Brownsville Road, Pittsburgh, Pennsylvania 15210.  At all times relevant to this action, Sains acted under the color of state law.

10.     Defendant Corey McGough ("McGough") is Councilman for the Mt. Oliver Borough Council, with a business address of 150 Brownsville Road, Pittsburgh, Pennsylvania 15210.  At all times relevant to this action, McGough acted under the color of state law.

11.     Defendant David Lowe ("Lowe") is Councilman for the Mt. Oliver Borough Council, with a business address of 150 Brownsville Road, Pittsburgh, Pennsylvania 15210.  At all times relevant to this action, Lowe acted under the color of state law.

## FACTUAL ALLEGATIONS

12.     Mt. Oliver Borough hired Murray to its police department on or about August 14, 2006.

13.     Murray was subsequently promoted to corporal, a title and rank she held until her termination.

14.     Murray was qualified for her position.  Murray received numerous commendations for her outstanding and dutiful service as a Mt. Oliver police officer.

15.     Since approximately October 2009, Murray has been subjected to unwelcome and objectively offensive conduct and remarks of a sexual nature from her co-workers and Mt. Oliver Borough political officers.

16.     For example, Council President Michener frequently derided and belittled female police officers in front of their co-workers and in front of other members of the Mt. Oliver Borough council, making inappropriate, sexually stereotyping and sexualized remarks regarding female officers' interaction with male officers.

17.     Fellow police officers further harassed Murray with sexualized and stereotyping remarks and gestures.

18.     Murray complained to her supervisors and to the Mt. Oliver Borough council regarding the sexual harassment she was experiencing.

19.     Additionally, in violation of state and federal law, Mt. Oliver Borough provides no separate restroom facilities for female police officers.

20.     Murray was required to use the same restroom facilities as her male co-workers.

21.     In October 2010, Murray filed a grievance regarding Mt. Oliver Borough's lack of adequate bathroom facilities for female employees.  She submitted several additional formal and informal complaints regarding the lack of adequate bathroom facilities.

22.     Despite Murray's grievances and complaints, Mt. Oliver Borough took no action to address or correct the issue.

23.     The only bathroom facility for police officers could not be locked, and therefore offered no privacy for a woman who had to use it.

24.     In October 2012, Joseph Riley, a Mt. Oliver Borough police officer, barged into the bathroom while in use by Murray.  Murray was extremely embarrassed and humiliated by this invasion of her privacy, and she reported the same to Mt. Oliver Borough Council.

25.     Mt. Oliver Borough Council took no action to correct the inadequate bathroom facilities, including any action to install a functional lock.

4

26.     In November 2012, in response to Murray's inquiries regarding the implementation of bathroom facilities adequate for female officers, and despite Murray never requesting that entire bathroom facility be built for her, Michener stated in a Council meeting that "we are not building her a bathroom."

27.     Thereafter, Murray completed and submitted an intake questionnaire to initiate simultaneous charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") ("the 2012 Charges").

28.     Murray notified her supervisors, Mayor Cassidy, and the Mt. Oliver Borough Council of the 2012 Charges shortly after submitted her intake questionnaire.

29.     The EEOC notified Mt. Oliver Borough of the 2012 Charges in December 2012.

30.     In retaliation for the 2012 Charges and other protected opposition by Murray, Defendants subjected Murray to further harassment, unnecessary surveillance, and abuse.

31.     In or around early January 2013, the Mt. Oliver Borough terminated the individual responsible for cleaning the Borough's bathroom facilities for police officers.

32.     Murray complained to the Borough again about the inadequate bathroom facilities, the lack of attention to basic hygienic standards, and the absence of any individual tasked with cleaning the bathroom.

33.     Because she is a woman and was the only female officer, Murray was required to clean the bathroom facilities.

34.     On or about February 27, 2013, Murray inquired with Mayor Cassidy regarding the recently vacated position of Sergeant, for which Murray was qualified.  At the time, Murray had the most seniority among Mt. Oliver police officers.

35.    Mayor Cassidy told Murray that the council did not intend to fill the position because of concerns regarding civil service compliance.

36.    In fact, Mt. Oliver Borough refused to promote Murray—the most qualified and most senior police officer—in retaliation for her 2012 Charges and prior and subsequent complaints of discrimination and harassment.

37.    In January 2013, just one month prior to Murray's request for promotion to the open Sergeant position, Mt. Oliver Borough promoted a male officer without concern for civil service compliance.

38.    On or about February 22, 2013 (just one week prior to Murray's request for promotion to the open Sergeant position), Mt. Oliver Borough promoted Juzwick to Acting Police Chief, without concern for civil service compliance.

39.    The promotion of Juzwick resulted in his becoming Murray's direct supervisor.

40.    Despite being Murray's direct supervisor, Juzwick refused to even speak to Murray because of her previous complaints of sexual harassment.

41.    In or around March 17, 2013, Murray initiated correspondence with Mayor Cassidy regarding what she believed to be a hostile work environment that was significantly instigated by Juzwick.

42.    The same day, to address outstanding concerns regarding Murray hostile work environment claims, Mayor Cassidy agreed to meet with Murray and Juzwick on March 29, 2013.

43.    On March 18, 2013, Corporal Lockhart made further sexually inappropriate remarks in front of Murray, commenting that he was so tired that he would not have sex "even if there were three naked women in his bed."

44.     On or about March 26, 2013, Juzwick and Corporal Lockhart showed Murray a sexually explicit video by placing a cell phone camera before her eyes.  Apart from this incident, other police officers increasingly refused to interact with Murray.

45.     On March 29, 2013, Mayor Cassidy informed Murray that the meeting with Murray and Juzwick would include Michener and Sains, in violation of the anti-interference rules of Mt. Oliver Borough's Sexual Harassment Policy, because of Murray's still-pending 2012 Charges.

46.     In late March and early April 2013, Juzwick continued his pattern of harassment and retaliation against Murray.

47.     In late March and early April 2013, Murray submitted several "intake questionnaires" to initiate further charges with the EEOC and PHRC (referred to herein as the "2013 Charge").

48.     Murray informed the Mt. Oliver Borough Council, Mayor Cassidy, and Acting Chief Juzwick of her pending 2013 Charge.

49.     On April 7, 2013, Murray wrote a memorandum to Mayor Cassidy, further describing Juzwick's harassment, and referencing her pending 2012 Charges and 2013 Charges. A copy of Murray's April 7, 2013 memorandum is attached hereto as Exhibit A.

50.     On April 8, 2013, Murray again wrote a memorandum to Mayor Cassidy. In that memorandum, Murray explained another recent instance of harassment by Juzwick, and explained that Juzwick was undermining Murray's role as a supervisor in an effort to force her out of the daily operations of the police department.   In the same memorandum, Murray also reminded Mayor Cassidy that she had advised him of the hostile work environment in February A copy of Murray's April 8, 2013 memorandum is attached hereto as Exhibit B.

51.     At 7:00 p.m. on April 11, 2013, Sains approached Murray in an aggressive and irate manner, and handed Murray a letter requesting her appearance before the Borough Council on April 15.  Sains refused to let Murray photocopy the letter until she signed it.

52.     When Murray hesitated to sign the letter presented by Sains, he bullied her into a corner of the Mt. Oliver police camera room, demanded that Murray sign the letter, and shouted at her to give the letter back.  A copy of the Council's April 11, 2013 letter is attached hereto as Exhibit C.

53.     On April 11, 2013, Murray contacted Mayor Cassidy regarding the letter she received that day requesting her appearance before the Council.

54.     Mayor Cassidy recommended that Murray send a letter to the Council explaining that she had a pending EEOC charge, and could not appear before the Council until after her meeting with the EEOC on April 30, 2013.

55.     That same night, following Mayor Cassidy's recommendation, Murray drafted a letter to Council regarding why she could not appear on April 15.  A copy of Murray's April 11, 2013 response to Council is attached hereto as Exhibit D.

56.     On April 13, 2013, Mayor Cassidy submitted a memorandum to Murray, advising her that she had been reassigned to the night shift.  In his memorandum, Mayor Cassidy specifically informed Murray that the schedule reassignment was "due to [her] claiming a hostile work environment."  A copy of Mayor Cassidy's April 13, 2013 memorandum is attached hereto as Exhibit E.

57.     Juzwick retained his assignment to the preferable day shift.

58.     On April 15, 2013, the Mt. Oliver Borough Council held a meeting.

59.     Murray did not attend the April 15, 2013 Mt. Oliver Borough Council meeting.

60.     At the April 15, 2013 Mt. Oliver Borough Council meeting, Matthew Juzwick

was officially sworn in as the new Acting Chief.

61.     On April 17, 2013, Defendants terminated Murray, the only female police officer

for Mt. Oliver Borough.

62.     All individual Defendants, except for Juzwick, signed Murray's termination

notice, which falsely states that the bases for her termination were insubordination, disobedience,

and neglect of official duties.  A copy of Murray's termination notice is attached hereto as

Exhibit F.

63.     Juzwick influenced and/or participated in the decision to terminate Murray.

64.     Murray was not subjected to progressive discipline prior to her termination.

65.     In terminating Murray, Defendants failed to adhere to Section 1400.2 of the

Borough's Standard Operating Guidelines applicable to police officers, which requires

progressive discipline prior to termination.

66.     The Mt. Oliver Borough police department replaced Murray with a male officer.

67.     Murray has satisfied all procedural and administrative requirements for

proceeding under the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of

1964 as follows:

      a.  On or about April 30, 2013, Plaintiff filed a timely written charge of gender

          discrimination and retaliation (No. 533-2013-00676) with the EEOC and the

          PHRC;

      b.  The EEOC issued a Notice of Right to Sue on the foregoing charge on or about

          June 17, 2013;

      c.  This Complaint is filed within 90 days of Plaintiff's receipt of the aforementioned

Notice of Right to Sue; and

d. Plaintiff has exhausted her federal and state administrative remedies with respect to the allegations of this Complaint.

## COUNT I
### Retaliation –  42 U.S.C. § 1983 (Against All Defendants)

68.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

69.     Plaintiff engaged in the protected activities of opposing Defendants' discriminatory acts made unlawful by Title VII, the PHRA and 42 U.S.C. § 1983,  and participating in the EEOC and PHRC charge and investigative processes in opposition to Defendants' discriminatory acts made unlawful by Title VII, the PHRA and 42 U.S.C. § 1983.

70.     Defendants subjected Plaintiff to a hostile working environment, passed Plaintiff over for promotion, and ultimately terminated Plaintiff.

71.     Defendants' adverse actions were motivated by, caused by, and made in response to Plaintiff's engaging in the aforementioned protected activities.

72.     As a result of Defendant's discrimination and retaliation, Plaintiff has suffered harm in the form of lost wages and benefits, emotional distress, loss of reputation, and humiliation.

**WHEREFORE**, Plaintiff seeks the following relief:

A. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B. A declaratory judgment that the practices complained of herein are unlawful;

10

C.   Back pay and other damages in the form of lost wages, lost or reduced

benefits, and prejudgment interest to the fullest extent permitted under the

law;

D.   Liquidated and punitive damages to the fullest extent permitted under the

law;

E.   Litigation costs, expenses, and attorneys' fees to the fullest extent

permitted under the law; and

Such other and further relief as this Court deems just and proper.

## COUNT II
### Retaliation –  Title VII and the PHRA (Against Defendant Mt. Oliver Borough)

73.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

74.     Plaintiff engaged in the protected activities of opposing Defendants'

discriminatory acts made unlawful by Title VII, and the PHRA, and participating in the EEOC

charge and investigative process in opposition to Defendants' discriminatory acts made unlawful

by Title VII, and the PHRA.

75.     Defendant Mt. Oliver Borough subjected Plaintiff to a hostile working

environment, passed Plaintiff over for promotion, and ultimately terminated Plaintiff, because

she engaged in the aforementioned protected activities.

76.     Defendant's adverse actions were motivated by, caused by, and made in response

to Plaintiff's engaging in the aforementioned protected activities.

77.     As a result of Defendant's discrimination and retaliation, Plaintiff has suffered

harm in the form of lost wages and benefits, emotional distress, loss of reputation, and

humiliation.

78.     Plaintiff has exhausted all prerequisite administrative remedies.

11

**WHEREFORE**, Plaintiff seeks the following relief:

    A.  An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    B.  A declaratory judgment that the practices complained of herein are unlawful under Title VII and the PHRA;

    C.  Back pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest to the fullest extent permitted under the law;

    D.  Liquidated and punitive damages to the fullest extent permitted under the law;

    E.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

Such other and further relief as this Court deems just and proper.

## COUNT III
### Sex Discrimination – 42 U.S.C. § 1983 (Against All Defendants)

79.    Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

80.    Defendants intentionally exposed Plaintiff to disadvantageous terms and conditions of employment when compared with male employees.

81.    Plaintiff was qualified for the position she held.

82.    Plaintiff is qualified for the positions to which she applied.

83.     Defendants intentionally and unlawfully discriminated against Plaintiff by subjecting her to harassing, abusive and unequal working conditions, and by terminating her, because of her sex.

84.     As a result of Defendants' discrimination, Plaintiff has suffered harm in the form of lost wages and benefits, emotional distress, loss of reputation and humiliation.

85.     Similarly situated male employees have not been subjected to similar mistreatment, and have not been terminated or passed over for promotion.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B.  A declaratory judgment that the practices complained of herein are unlawful;

C.  Back pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest to the fullest extent permitted under the law;

D.  Liquidated and punitive damages to the fullest extent permitted under the law;

E.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

Such other and further relief as this Court deems just and proper.

<u>**COUNT IV**</u>
**Sex Discrimination –  Title VII and the PHRA (Against Defendant Mt. Oliver Borough)**

13

86.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

87.     Defendant intentionally exposed Plaintiff to disadvantageous terms and conditions of employment when compared with male employees.

88.     Plaintiff was qualified for the position she held.

89.     Plaintiff is qualified for the positions to which she applied.

90.     Defendant intentionally and unlawfully discriminated against Plaintiff by subjecting her to harassing, abusive and unequal working conditions, by refusing to promote her to an open and available position, and by terminating her, because of her sex.

91.     As a result of Defendant's discrimination, Plaintiff has suffered harm in the form of lost wages and benefits, emotional distress, loss of reputation and humiliation.

92.     Similarly situated male employees have not been subjected to similar mistreatment, have not been denied promotions, and have not been terminated.

93.     Plaintiff has exhausted all prerequisite administrative remedies.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B.  A declaratory judgment that the practices complained of herein are unlawful under Title VII and the PHRA;

C.  Back pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest to the fullest extent permitted under the law;

14

D.  Liquidated and punitive damages to the fullest extent permitted under the
law;

E.  Litigation costs, expenses, and attorneys' fees to the fullest extent
permitted under the law; and

Such other and further relief as this Court deems just and proper.

## COUNT V
### Harassment – 42 U.S.C. § 1983 (Against Defendants Mt. Oliver Borough, Sains, Juzwick, and Michener)

94.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

95.     As a result of the above-described conduct, Plaintiff was subjected to sexual
harassment, which created a hostile work environment for Plaintiff.

96.     Defendants' harassment of Plaintiff was so severe and extreme as to alter the
conditions of Plaintiff's employment.

97.     As a result of Defendants' harassment, Plaintiff has suffered harm in the form of
lost wages and benefits, emotional distress, loss of reputation and humiliation.

98.     Defendants' actions would detrimentally affect a reasonable person of the same
sex and position as Plaintiff.

99.     Defendants are liable for the sexual harassment of Plaintiff, under Title VII and
the PHRA, because the individuals responsible for the harassing conduct are Defendants
themselves, or Defendant's agents and/or supervisors.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  An injunction against Defendant and its officers, agents, successors,
employees, representatives, and any and all persons acting in concert with

15

Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B.  A declaratory judgment that the practices complained of herein are unlawful;

C.  Back pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest to the fullest extent permitted under the law;

D.  Liquidated and punitive damages to the fullest extent permitted under the law;

E.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

Such other and further relief as this Court deems just and proper.

## <u>COUNT VI</u>
**Harassment –  Title VII and PHRA (Against Defendant Mt. Oliver Borough)**

100.    Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

101.    As a result of the above-described conduct, Plaintiff was subjected to sexual harassment, which created a hostile work environment for Plaintiff.

102.    Defendant's harassment of Plaintiff was so severe and extreme as to alter the conditions of Plaintiff's employment.

103.    As a result of Defendant's harassment, Plaintiff has suffered harm in the form of lost wages and benefits, emotional distress, loss of reputation and humiliation.

104.    Defendant's actions would detrimentally affect a reasonable person of the same sex and position as Plaintiff.

16

105.    Defendant is liable for the sexual harassment of Plaintiff, under Title VII and the

PHRA, because the individuals responsible for the harassing conduct are Defendant's agents

and/or supervisors.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  An injunction against Defendant and its officers, agents, successors,

employees, representatives, and any and all persons acting in concert with

Defendant, as provided by law, from engaging in each of the unlawful

practices, policies, and patterns set forth herein;

B.  A declaratory judgment that the practices complained of herein are

unlawful under Title VII and the PHRA;

C.  Back pay and other damages in the form of lost wages, lost or reduced

benefits, and prejudgment interest to the fullest extent permitted under the

law;

D.  Liquidated and punitive damages to the fullest extent permitted under the

law;

E.  Litigation costs, expenses, and attorneys' fees to the fullest extent

permitted under the law; and

Such other and further relief as this Court deems just and proper.

## <u>COUNT VIII</u>
**42 U.S.C. § 1983 – Denial of Due Process (Against Defendant Mt. Oliver Borough)**

106.    Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

107.    Defendant Mt. Oliver Borough is a public body.

108.    Plaintiff had a property interest in her employment her employment with Mt.

Oliver Borough.

109.    Plaintiff therefore was entitled to due process prior to her termination.

110.    Defendant Mt. Oliver Borough deprived Plaintiff of her due process rights by failing to follow the progressive discipline applicable to police officer employees prior to her termination.

111.    By terminating Plaintiff in this manner, Defendant Mt. Oliver Borough breached its contract with Plaintiff.

**WHEREFORE**, Plaintiff seeks the following relief:

    A.  Back pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest resulting from Defendant's breach to the fullest extent permitted under the law;

    B.  Compensatory damages for the emotional distress, humiliation and loss of reputation caused by Defendant's denial of Plaintiff's due process rights;

    C.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

Such other and further relief as this Court deems just and proper.

## COUNT VIII
### Breach of Contract
### (Against Defendant Mt. Oliver Borough)

112.    Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

113.    Plaintiff's employment contract with Defendant Mt. Oliver Borough provides that prior to any termination, certain alternative disciplinary measures must be taken, including written warnings and suspension.

114.    Prior to her termination, Plaintiff was not subjected to any progressive disciplinary measure.

115.    By terminating Plaintiff in this manner, Defendant Mt. Oliver Borough breached its contract with Plaintiff.

**WHEREFORE**, Plaintiff seeks the following relief:

    A.  Back pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest resulting from Defendant's breach to the fullest extent permitted under the law;

    B.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date:  September 16, 2013

    /s/ Vincent J. Mersich
    Vincent James Mersich (PA I.D. No. 310971)
    Law Office of Vincent J. Mersich, LLC
    400 Market Street
    Elizabeth, PA 15037
    Phone: 412.384.8803 / 724.493.5201
    Fax:    412.384.8805
    Email: vincent.mersich@outlook.com

    Janice Q. Russell
    Law Office of Janice Q. Russell
    One Oxford Centre, 301 Grant St.
    Suite 4300
    Pittsburgh, PA 15219
    Phone:  412.348.8295
    Fax:  724.939.7012
    Email:  janiceqrussell@yahoo.com

    *Co-counsel for Plaintiff*