IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA MURRAY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:13-cv-01356-DSC |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| THE BOROUGH OF MOUNT OLIVER. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, The Borough of Mount Oliver (hereinafter "Mt. Oliver Borough"), by and through its undersigned counsel, files the following Answer and Affirmative Defenses to Plaintiff's Complaint, and avers as follows:

## JURISDICTION AND VENUE

1.      The averments contained in Paragraph 1 are conclusions of law to which no response is required.

2.      The averments contained in Paragraph 2 are conclusions of law to which no response is required.

3.      The averments contained in Paragraph 3 are conclusions of law to which no response is required.

## PARTIES

4.      Upon information and belief, the averments contained in Paragraph 4 are admitted.

5.      The averments contained in Paragraph 5 are conclusions of law to which no response is required.   To the extent a response is required, it is admitted that Mt. Oliver Borough has a place of business located at 150 Brownsville Road, Pittsburgh, PA 15210.

6.      The averments contained in Paragraph 6 do not require a response since Matthew Juzwick has been dismissed pursuant to the Stipulation and Order dated October 4, 2013.

7.      The averments contained in Paragraph 7 do not require a response since James Cassidy has been dismissed pursuant to the Stipulation and Order dated October 4, 2013.

8.      The averments contained in Paragraph 8 do not require a response since Billie Michener has been dismissed pursuant to the Stipulation and Order dated October 4, 2013.

9.      The averments contained in Paragraph 9 do not require a response since Darnell Sains has been dismissed pursuant to the Stipulation and Order dated October 4, 2013.

10.      The averments contained in Paragraph 10 do not require a response since Corey McGough has been dismissed pursuant to the Stipulation and Order dated October 4, 2013.

11.      The averments contained in Paragraph 11 do not require a response since David Lowe has been dismissed pursuant to the Stipulation and Order dated October 4, 2013.

## FACTUAL ALLEGATIONS

12.      The averments contained in Paragraph 12 are admitted.

13.      The averments contained in Paragraph 13 are admitted.

14.      The averments contained in Paragraph 14 are denied as stated.  It is denied that Plaintiff was qualified for her position at the time of her termination.

15.      The averments contained in Paragraph 15 are denied.

16.      The averments contained in Paragraph 16 are denied.

17.      The averments contained in Paragraph 17 are denied.

18.     The averments contained in Paragraph 18 are denied as stated.  The Plaintiff made complaints regarding her wholly subjective opinion as to the operations within the police department.  It is denied that Plaintiff made any complaints regarding sexual harassment.

19.     The averments contained in Paragraph 19 contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

20.     The averments contained in Paragraph 20 are denied.

21.     The averments contained in Paragraph 21 are denied as stated.  It is generally admitted that the Plaintiff filed grievances regarding the bathroom facilities, and that this issue was ultimately resolved.

22.     The averments contained in Paragraph 22 are denied.

23.     The averments contained in Paragraph 23 are denied.  There was ladies only restroom in the Municipal Building which was made available to, and was used by, Plaintiff.

24.     The averments contained in Paragraph 24 are denied as stated.  It is admitted that Mr. Riley mistakenly walked in on Plaintiff as she was using the unisex restroom in the police department and that Mt. Oliver Borough Council was made aware of this fact.

25.     The averments contained in Paragraph 25 are denied.  There was a ladies only restroom in the Municipal Building which was made available to, and was used by, Plaintiff.

26.     The averments contained in Paragraph 26 are denied as stated.  It is denied that Ms. Michener made this statement at a public Council Meeting.  It is generally admitted that Ms. Michener did not believe the Borough needed to build Plaintiff a separate bathroom solely for Murray's personal use, and a solution was reached between the parties.

27.     Defendant is without information or belief as to the truth of the averments contained in Paragraph 27.

28.     The averments contained in Paragraph 28 are denied as stated.  It is generally admitted that the Defendant was made aware of the Plaintiff's EEOC Charge.

29.     The averments contained in Paragraph 29 are admitted.

30.     The averments contained in Paragraph 30 are denied.

31.     The averments contained in Paragraph 31 are admitted.

32.     After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32. Plaintiff fails to state a time period during which said complaints were made.  Therefore, said complaints are denied.

33.     The averments contained in Paragraph 33 are denied.

34.     The averments contained in Paragraph 34 are denied as stated.  It is denied that this position was available.   It is further denied that Murray was qualified for this position.

35.     The averments contained in Paragraph 35 are admitted.

36.     The averments contained in Paragraph 36 are denied as stated.  It is denied that Plaintiff was the most qualified officer for this position.  It is further denied that Mt. Oliver Borough did not promote her in retaliation for her 2012 Charge and/or for her prior and subsequent complaints.  It is additionally denied that Plaintiff complained of sexual harassment.

37.     The averments contained in Paragraph 37 are denied as stated.  The officer, who had been a part-time Patrolman, was brought on as a full-time Patrolman in January 2013.  It is denied that the officer was promoted in rank.

38.     The averments contained in Paragraph 38 are denied as stated.  It is admitted that Mr. Juzwick was provided with a new title of Acting Chief.  It is denied that Mr. Juzwick's new title was a promotion.

4

39.     The averments contained in Paragraph 39 are denied as stated.  It is denied that Mr. Juzwick's new title was a promotion.

40.     The averments contained in Paragraph 40 are denied.

41.     The averments contained in Paragraph 41 are denied as stated.  It is admitted that Plaintiff emailed Mayor Cassidy on March 17, 2013 regarding a "hostile work environment."  It is denied that Plaintiff used this terminology with the same meaning as it has under Title VII and the PHRA.   It is denied that Plaintiff was subjected to a hostile work environment.

42.     The averments contained in Paragraph 42 are denied as stated.  Mayor Cassidy responded to Plaintiff's request for a meeting via email on March 18, 2013 and suggested that they meet the following Tuesday.

43.     The averments contained in Paragraph 43 are denied.

44.     The averments contained in Paragraph 44 are denied.

45.     The averments contained in Paragraph 45 are conclusions of law to which no response is required.  To the extent a response is required, it is denied that Mt. Oliver Borough violated any applicable anti-interference rules.

46.     The averments contained in Paragraph 46 are denied.

47.     Defendant is without information or belief as to the truth of the averments contained in Paragraph 47.

48.     The averments contained in Paragraph 48 are admitted.

49.     The averments contained in Paragraph 49 are denied as stated.  The April 7, 2013 letter is a writing that speaks for itself.  Furthermore, it is denied that Mr. Juzwick harassed Plaintiff.

50.     The averments contained in Paragraph 50 are denied as stated.  The April 8, 2013 letter is a writing that speaks for itself.  Furthermore, it is denied that Mr. Juzwick harassed Plaintiff and/or that Plaintiff was subjected to a hostile work environment.

51.     The averments contained in Paragraph 51 are denied as stated.  It is admitted that Mr. Sains attempt to give the Plaintiff a letter on or about April 11, 2013.    The remaining averments are denied.

52.     The averments contained in Paragraph 52 are denied.

53.     The averments contained in Paragraph 53 are admitted.

54.     The averments contained within Paragraph 54 are denied.

55.     The averments contained in Paragraph 55 are denied.  The April 11, 2013 letter is a writing that speaks for itself.  By way of further answer, Plaintiff's April 11, 2013 letter makes no mention of her inability to attend the council meeting.

56.     The averments contained in Paragraph 56 are denied as stated.  Mayor Cassidy's April 13, 2013 memorandum is a writing which speaks for itself.

57.     The averments contained in Paragraph 57 are denied as stated.  It is admitted that Mr. Juzwick primarily retained the day shift.  It is denied that this was Mr. Juzwick's preferable shift.  As Acting Chief, Mr. Juzwick had to work day shift.  Furthermore, no officer is given a set schedule with Mt. Oliver Borough.  The Chief and the Mayor are entitled to change the schedule at any time.

58.     The averments contained in Paragraph 58 are admitted.

59.     The averments contained in Paragraph 59 are admitted

60.     The averments contained in Paragraph 60 are admitted.

61.     The averments contained in Paragraph 61 are admitted.

62.     The averments contained in Paragraph 62 are denied.  There are no individual defendants due to this Honorable Court's Order granting all parties' Stipulation of Dismissal. Plaintiff's termination notice is a document which speaks for itself.  Furthermore, it is denied that Plaintiff's termination falsely stated insubordination, disobedience and neglect of official duties as the reasons for her termination.  Plaintiff was terminated due to insubordination, disobedience and neglect of official duties.

63.     The averments contained in Paragraph 63 are denied as stated.  Mt. Oliver Borough Council made the decision to terminate Plaintiff.

64.     The averments contained in Paragraph 64 are denied as stated.  Plaintiff, in failing to attend the April 15, 2013 Council Meeting, Plaintiff failed to participate in the disciplinary process.

65.     The averments contained in Paragraph 65 are denied.  The Standard Operating Guidelines is a document which speaks for itself.  Furthermore, it is denied that Section 1400.2 of the Standard Operating Guidelines requires progressive discipline prior to termination.

66.     The averments contained in Paragraph 66 are denied.

67.     The averments contained in Paragraph 67 are conclusions of law to which no response is required.

## COUNT I
## Retaliation – 42 U.S.C. § 1983

68.     Defendant incorporates its responses to Paragraphs 1 through 67 of Plaintiff's Complaint as if set forth at length.

69.     The averments contained in Paragraph 69 are conclusions of law to which no response is required.  To the extent a response is required, it is denied that the Plaintiff engaged in any protected activities.

70.     The averments contained in Paragraph 70 are denied.

71.     The averments contained in Paragraph 71 are denied.

72.     The averments contained in Paragraph 72 are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.  Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## COUNT II
## Retaliation – Title VII and the PHRA

73.     Defendant incorporates its responses to Paragraphs 1 through 72 of Plaintiff's Complaint as if set forth at length.

74.     The averments contained in Paragraph 74 are conclusions of law to which no response is required.  To the extent a response is required, it is denied that the Plaintiff engaged in any protected activities.

75.     The averments contained in Paragraph 75 are denied.

76.     The averments contained in Paragraph 76 are denied.

77.     The averments contained in Paragraph 77 are denied.

78.     The averments contained in Paragraph 78 are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.  Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## COUNT III
## Sex Discrimination – 42 U.S.C. § 1983

79.     Defendant incorporates its responses to Paragraphs 1 through 78 of Plaintiff's Complaint as if set forth at length.

80.     The averments contained in Paragraph 80 are denied.

81.     The averments contained in Paragraph 81 are denied.

82.     The averments contained in Paragraph 82 are denied.

83.     The averments contained in Paragraph 83 are denied.

84.     The averments contained in Paragraph 84 are denied.

85.     The averments contained in Paragraph 85 are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.   Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## COUNT IV
## Sex Discrimination – Title VII and the PHRA

86.     Defendant incorporates its responses to Paragraphs 1 through 85 of Plaintiff's Complaint as if set forth at length.

87.     The averments contained in Paragraph 87 are denied.

88.     The averments contained in Paragraph 88 are denied.

89.     The averments contained in Paragraph 89 are denied.

90.     The averments contained in Paragraph 90 are denied.

91.     The averments contained in Paragraph 91 are denied.

92.     The averments contained in Paragraph 92 are denied.

93.     The averments contained in Paragraph 93 are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.    Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## COUNT V
## Harassment – 42 U.S.C. § 1983

94.     Defendant incorporates its responses to Paragraphs 1 through 93 of Plaintiff's Complaint as if set forth at length.

95.     The averments contained in Paragraph 95 are denied.

96.     The averments contained in Paragraph 96 are denied.

97.     The averments contained in Paragraph 97 are denied.

98.     The averments contained in Paragraph 98 are denied.

99.     The averments contained in Paragraph 99 are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.    Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## COUNT VI
## Harassment – Title VII and PHRA

100.    Defendant incorporates its responses to Paragraphs 1 through 99 of Plaintiff's Complaint as if set forth at length.

101.    The averments contained in Paragraph 101 are denied.

102.    The averments contained in Paragraph 102 are denied.

103.    The averments contained in Paragraph 103 are denied.

104.    The averments contained in Paragraph 104 are denied.

105.    The averments contained in Paragraph 105 are conclusions of law to which no response is required. To the extent a response is required, said averments are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.  Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## COUNT VII
## 42 U.S.C. § 1983 – Denial of Due Process

106.    Defendant incorporates its responses to Paragraphs 1 through 105 of Plaintiff's Complaint as if set forth at length.

107.    The averments set forth in Paragraph 107 are a conclusion of law to which no response is required.  To the extent a response is required, said averments are denied.

108.    The averments contained in Paragraph 108 are conclusions of law to which no response is required. To the extent a response is required, said averments are denied.

109.    The averments contained in Paragraph 109 are denied.

110.    The averments contained in Paragraph 110 are conclusions of law to which no response is required. To the extent a response is required, said averments are denied.

111.    The averments contained in Paragraph 111 are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.   Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

<u>COUNT VIII</u>
<u>Breach of Contract</u>

112.    Defendant incorporates its responses to Paragraphs 1 through 111 of Plaintiff's Complaint as if set forth at length.

113.    The averments contained in Paragraph 113 are conclusions of law to which no response is required.   To the extent a response is required, said averments are denied. Furthermore, it is denied that Plaintiff had an employment contract with Defendant.

114.    The averments contained in Paragraph 114 are denied as stated.  Mt. Oliver Borough Council attempted to meet with Plaintiff at the April 15, 2013 council meeting to discuss her complaints and recent performance issues.  Plaintiff failed to attend the April 15, 2013 council meeting.

115.    The averments contained in Paragraph 115 are conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

WHEREFORE, Defendant, The Borough of Mt. Oliver, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.   Further, Defendant respectfully requests that that Plaintiff's Complaint be dismissed with prejudice and without

costs, and that the Court award Defendant attorneys' fees, costs and any further relief that the Court may deem appropriate.

## Jury Trial Demanded

## AFFIRMATIVE DEFENSES

1.      Defendant incorporates its responses to Paragraphs 1 through 115 of Plaintiff's Complaint as if set forth at length.

2.      Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

3.      Plaintiff failed to state a claim under Title VII against Mt. Oliver Borough.

4.      Plaintiff failed to state a claim under the PHRA against Mt. Oliver Borough.

5.      Plaintiff failed to state a claim under 42 U.S.C. § 1983 against Mt. Oliver Borough.

6.      Defendant is not subject to the provisions of 42 U.S.C. § 1983.

7.      Plaintiff failed to state a breach of contract claim against Mt. Oliver Borough.

8.      Plaintiff did not have an employment contract with Mt. Oliver Borough.

9.      The actions alleged by Plaintiff, even if true, were not done "because of" Plaintiff's sex or gender.

10.      At no time did Defendant discriminate against Plaintiff on the basis of her sex.

11.      At no time did Defendant retaliate against Plaintiff due to her complaints and/or filings.

12.      Plaintiff did not have a property interest in her position as Corporal with Mt. Oliver Borough Police Department.

13.     Defendant at all times acted in compliance with Title VII, the PHRA, 42 U.S.C. § 1983 and any other relevant laws and regulations.

14.     The Plaintiff's claims are barred due to the extent that they were not filed within the applicable statute of limitations and/or administrative filing periods.

15.     The Plaintiff's claims are barred to the extent that the Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

16.     The federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

17.     The PHRA discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

18.     Plaintiff's claims are barred, in whole or in part, by the principles of waiver and/or estoppel.

19.     Plaintiff's claims are barred by the statute of frauds.

20.     Defendant did not cause Plaintiff to sustain any damages.

21.     Any damages sustained by Plaintiff were caused by Plaintiff.

22.     Plaintiff was terminated due to insubordination, disobedience and neglect of official duties.

23.     Plaintiff's claims for various reliefs are barred to the extent that Plaintiff failed to mitigate such alleged damages.

24.     Defendant denies that it is indebted to and/or liable to Plaintiff for any reason and/or for any sum.

25.     There are no facts which would support a finding that Defendant engaged in any intentional, willful, wanton or malicious conduct, or conduct that was otherwise in a reckless disregard for the rights of Plaintiff under which Plaintiff could recover punitive damages.

26.     Defendant is not guilty of, and there are no facts which support a finding or, any intentional, willful, malicious, wanton, reckless or wrongful acts which proximately caused or contributed to the damages allegedly sustained by Plaintiff and, therefore, Plaintiff is prohibited from recovery of any punitive and/or liquidated damages from Defendant.

27.     Defendant did not breach any legal duty and/or obligation which it may owe to Plaintiff.

28.     Defendant reserves the right to assert additional affirmative defenses as may be revealed during discovery and/or as justice requires.

Respectfully submitted,

Burns White LLC

BY:     /s/     Dean F. Falavolito
        Dean F. Falavolito, Esquire
        Pa I.D. No. 92844
        Laura E. Benson, Esquire
        Pa. I.D. No. 307759
        BURNS WHITE LLC
        Four Northshore Center
        106 Isabella Street
        Pittsburgh, PA 15212
        Phone:  (412) 995-3005/995-3085
        Fax:  (412) 995-3300
        dffalavolito@burnswhite.com
        lebenson@burnswhite.com
        *Counsel for Defendant, The Borough of Mount Oliver*

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Answer and Affirmative Defenses to Plaintiff's Complaint has been served upon counsel of record via the Court's electronic filing system this 18th day of  November, 2013, addressed as follows:

Vincent James Mersich
Law Office of Vincent J. Mersich, LLC
400 Market Street
Elizabeth, PA 15037
Email: vincent.mersich@outlook.com

Janice Q. Russell
Law Office of Janice Q. Russell
One Oxford Centre, 301 Grant St.
Suite 4300
Pittsburgh, PA 15219
Email:  janiceqrussell@yahoo.com
*Co-counsel for Plaintiff*

Burns White LLC

BY:   /s/      Dean F. Falavolito
Dean F. Falavolito, Esquire
Pa I.D. No. 92844
Laura E. Benson, Esquire
Pa. I.D. No. 307759
BURNS WHITE LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Phone:  (412) 995-3005/995-3085
Fax:  (412) 995-3300
dffalavolito@burnswhite.com
lebenson@burnswhite.com
*Counsel for Defendant, The Borough of Mount Oliver*