IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAURA MURRAY,** | ) |
| Plaintiff, | ) |
| v. | ) 2:13cv1356 |
| | ) **Electronic Filing** |
| **THE BOROUGH OF MOUNT OLIVER**, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 18th day of June, 2015, upon due consideration of defendant's motion for sanctions for spoliation of evidence and the parties' submissions in conjunction therewith, IT IS ORDERED that [24] the motion be, and the same hereby is, denied.

The record fails to support a finding that plaintiff has suppressed or destroyed discoverable information deliberately or with other improper motive. See Bull v. United Parcel Service, Inc., 665 F.3d 68, 79 (3d Cir. 2012) ("For the [spoliation] rule to apply . . . it must appear that there has been an actual suppression or withholding of the evidence.")(citing Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995) and 31A C.J.S. Evidence § 156(2); 29 Am. Jur.2d Evidence § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.")). In addition, defendant fails to offer anything beyond speculation to show that the lost information contained evidence that would have been helpful to its cause. Thus, the key considerations in determining whether a spoliation sanction is appropriate do not warrant either form of relief requested by defendant. See Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994) ("the key considerations in determining whether such a sanction is

appropriate [are]: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.").

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Vincent J. Mersich, Esquire
Janice Q. Russell, Esquire
Dean F. Falavolito, Esquire
Emily E. Mahler, Esquire

(*Via CM/ECF Electronic Mail*)